The Chancellor.
The equity of the hill is denied by the answer. The ground upon which the equity of the *262 complainants’ case entirely rests, and the only one which could have induced the master to allow the injunction is this — that the money raised by the mortgage was appropriated to pay the debts of the defendants.
Benjamin Scott, one of the complainants, was an accommodation endorser for William L. Ames to a very large amount. William L. Ames becoming insolvent, Benjamin Scott borrowed from the Sussex Bank the sum of §10,500, for the purpose of meeting the liabilities he had incurred for Ames. The bill alleges that Oliver Ames, the father of William, and Oakes and Oliver his two brothers, were the partners of William, and, as such, were the debtors for the arnóunt paid on his accommodation endorsements; that the money raised by the mortgage was appropriated for the purpose, and that, when it was so appropriated, the defendants agreed that they would take up aud cancel the mortgage when the money it was given to secure should fall due. Oakes Ames paid the money secured by the mortgage, and took an assignment of it to himself, and has brought an ejectment upon it to recover the possession of the mortgaged premises. The injunction was granted to stay the proceedings at law upon the mortgage. It will thus be seen that the only consideration for the alleged agreement, on the part of the defendants, to take up and cancel the mortgage, was that the money was raised and appropriated to pay their debts.
The joint and several answers of the defendants deny the fact, that the defendants were partners, or that they made any such agreement, as that alleged, to take up the mortgage when the mortgage money should become due.
The defendants are entitled to the full benefit of this denial from several considerations. The complainant, Scott, does not pretend that at the time he endorsed the accommodation paper for William, that he did it upon the credit of any one, except upon that of William himself. He does not say that, at that time, he supposed the other defendants were the partners of William, or that *263 they then, or at any other time, held themselves out as partners, or that they, or either of them, requested or were in any way instrumental in inducing him to give his endorsements. There are no facts stated in the bill sufficient, if all true, to constitute the defendants partners, or to make them liable as partners.
The complainants’ counsel urged very earnestly that this case should he made an exception to the rule — that when the equity is denied, the answer must prevail, and the injunction be dissolved. There are, very properly, such exceptions to the rule; hut I cannot look upon this case as entitled to he considered as one of them. A case to he entitled to an exception to the rule, should he one where a dissolution of the injunction would amount either to depriving the complainant of all relief, if he finally succeeded in his cause, or subject him to some peculiar hardship, while its continuance could be hut a temporary inconvenience only to the other party.
The defendant, Oliver Ames, jun., has a title deed, which entitles him to the possession of the property in question. He has instituted his suit at law to recover the possession. The only matter involved in the injunction is as to the possession until this controversy is determined. The equity of the complainants rests upon a fact, which is not within the personal knowledge of either of them. That fact is within the knowledge of all the defendants, and of a character, that if their denial of it is not true, they are necessarily involved in the crime of perjury.
Besides this, it is, according to the complainants’ own statement, the inexcusable and unaccountable negligence of the complainant, Scott, that has involved the parties in all this trouble. He advanced upwards of f10,000, relying upon the verbal agreement of third parties, that they would pay the money when the obligation ho gave for it should fall due. He imputes no fraud to the defendants, but complains only of a violation of this verbal agreement, by which they assumed the payment of the large *264 amount of money lie had advanced. Under such circumstances, I cannot see that there is any peculiarity in the case which should induce the court to take it out of the general rule referred to applicable to the dissolution of injunctions.